United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FRANKLIN WAYNE REED, | Case No. 19-cv-03456-LB |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| RICK HILL, | Re: ECF Nos. 1, 6 |
| Respondent. | |

# INTRODUCTION

Franklin Wayne Reed, an inmate at the Folsom State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 5.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition and grants Mr. Reed's *in forma pauperis* application.

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

**STATEMENT**

Mr. Reed provides the following information in his petition: After a jury trial in Lake County Superior Court, Mr. Reed was convicted of kidnapping during the commission of a carjacking, kidnapping, and assault with a deadly weapon. In 2016, he was sentenced to 10 years to life in prison.

He appealed. The California Court of Appeal affirmed Mr. Reed's conviction and the California Supreme Court denied his petition for review. He also filed unsuccessful petitions for writ of habeas corpus in the state courts. He then filed this action.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges the following claims. First, Mr. Reed alleges that he received ineffective assistance of trial counsel in that counsel "conceded guilt" and "withdrew a crucial defense" in closing argument by telling the jury that jurors "'need not bother with the jury instructions because whoever hit [the victim] was guilty of all the charged offenses.'" (ECF No. 1 at 9.) Second, Mr. Reed contends that his right to due process was violated because there was insufficient evidence to support the conviction in that there was no eye witness or physical evidence, the victim recanted his identification of Mr. Reed, and Mr. Reed had an alibi. (ECF No. 1 at 9.) Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

Mr. Reed asks the court to take judicial notice of the criminal case of Ricardo D. Cordova, Lake County Superior Court No. CR 942023, and the appeal therefrom, Cal. Ct. App. Case No. 154004. (ECF No. 1 at 17.) He states that the same criminal defense attorney represented both Mr. Reed and Mr. Cordova in trials at the same time, and received a judgeship a month after Mr.

1 Reed's trial. According to Mr. Reed, the defense attorney's deficiencies can be seen in the Cordova case as well as his own. The appellate decision is available at *People v. Cordova*, 2018 WL 3853925 (Cal. Ct. App. 2018), and shows that the cases are factually unrelated in that they involve two separate criminal episodes and neither defendant is listed as a participant in the other's crimes. The court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice"). This court will not take judicial notice of the case against Mr. Cordova because Mr. Reed has not supplied the records from the state court action against Mr. Cordova and has not shown that the defense attorney's conduct is something that can be judicially noticed. This court will, however, read the appellate court decision in *People v. Reed*, as it would read any decision the parties cite in their briefs.

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **October 4, 2019**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **November 1, 2019.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

8. The petitioner's application to proceed *in forma pauperis* is GRANTED. (ECF No. 6.)

**IT IS SO ORDERED.**

Dated: July 23, 2019

_____

LAUREL BEELER
United States Magistrate Judge